UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH A. WAINEY, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF CALVIN GRIFFIN, JR., DECEASED,

    Plaintiff,

vs.

Case Action No. _____

UNITED STATES OF AMERICA,

    Defendant.

_____/

COMPLAINT

COUNT ONE
WRONGFUL DEATH
UNITED STATES OF AMERICA

    **COMES NOW** the Plaintiff, DEBORAH A. WAINEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF CALVIN GRIFFIN, JR., DECEASED (hereinafter PLAINTIFF), by and through her undersigned attorneys, and sues the Defendant, UNITED STATES OF AMERICA (hereinafter DEFENDANT), pursuant to the Federal Tort Claims Act (hereinafter the FTCA), 28 U.S.C. §§ 2671, et seq., and further alleges as follows:

    1. This Court has jurisdiction under 28 U.S.C. § 1346(b).

    2. This is an action brought under the FTCA, 28 U.S.C. §§ 2671, et seq. The decedent, CALVIN GRIFFIN, JR. (hereinafter GRIFFIN), was a citizen of the State of Florida at the time of his death and his estate is being administered in the Circuit Court for Lee County, Florida – Probate Division. The Defendant is the United States of America. The matter in controversy exceeds, exclusive of interest and costs, the sum of Twenty Million Dollars ($20,000,000.00).

    3. On or about January 29, 2020, more than six months before this action was instituted, this claim was presented to the DEFENDANT through its Office of Chief Counsel, VA Regional Office, 3322 West End Avenue, Suite 509, Nashville, Tennessee 37203, and its Office of Regional Counsel, Department of Veterans Affairs, 9500 Bay Pines Blvd., St. Petersburg,

Florida 33708, in writing, and Form 95 submitted, all in accordance with provisions of 28 U.S.C. § 2675. Copies of the Form 95 (including Proof of Delivery and Return Receipts) are attached to this Complaint as Exhibit A and made a part hereof.

4. On February 10, 2020, the U.S. Department of Veterans Affairs – Office of General Counsel (hereinafter OGC) acknowledged receipt of the administrative tort claim. *See* Exhibit B attached hereto and made a part hereof.

5. On August 31, 2020, PLAINTIFF emailed OGC for status but received no response. *See* Exhibit C attached hereto and made a part hereof.

6. The DEFENDANT failed to respond to the PLAINTIFF's demand within six months as required by the FTCA and failed to respond to the PLAINTIFF's timely request for a status update.

7. The PLAINTIFF has performed all conditions precedent to the bringing of this action.

8. GRIFFIN was a resident of Lee County, Florida at the time of his death and his estate is being administered in the Circuit Court for Lee County, Florida – Probate Division.

9. At all times mentioned herein, GRIFFIN was a patient of THE DEPARTMENT OF VETERANS AFFAIRS CAPE CORAL VA CLINIC (hereinafter the CLINIC), located at 2489 Diplomat Parkway, Cape Coral, Florida, which is located within the jurisdiction of this Court.

10. At all times mentioned herein, GRIFFIN was treated for his dental needs at the CLINIC by Fernando L. Costas Nieves, DDS; Stephen P. Dris, DMD; and/or Wendy E. Martin, DDS, MPH.

11. GRIFFIN suffered from fatal malignant cancerous cells in the mouth that required extensive surgery, hospital stays, and medical care and which was undetected and untreated through the negligent acts of the DEFENDANT, by and through its agents, servants and/or employees, acting within the scope of their agency and/or employment, and further caused GRIFFIN to suffer non-economic damages, including pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and other non-financial losses, in addition to economic damages which include financial losses including, but not limited to, past and future medical expenses and wrongful death.

12. GRIFFIN's injuries resulted from the negligence of an agent, servant and/or employee of the DEFENDANT acting within the scope of their agency and/or employment as follows:

a. GRIFFIN was at the time 73 years old and a resident of Cape Coral, Florida, and was under the care of the CLINIC for multiple conditions including general dental care.

b. GRIFFIN had a lengthy history of total laryngectomy in 2011 for squamous cell carcinoma which was well known to the CLINIC at all times material hereto.

c. As far back as February 24, 2016, the CLINIC records indicate that GRIFFIN was seen by the CLINIC for dental issues including pain in his mouth and sores.

d. Over the course of the next two years, GRIFFIN had repeated visits with the same dental concerns. At no time were any biopsies obtained nor was he provided any treatment or evaluations with any other dental specialists.

e. GRIFFIN's dental condition continued to deteriorate during this time frame to the point that the interior of his mouth was so sore he was no longer able to wear his dentures.

f. In late 2017, GRIFFIN consulted with a dental specialist outside the VA system and was immediately diagnosed with a "massive hypermetabolic neoplasm, floor of the mouth, involving the tongue, mandible and overlying skin measuring at least 6 x 4 x 4.5 x 4.6 cm consistent with known malignant neoplasm." A biopsy performed on or about January 31, 2018 confirmed this diagnosis.

g. Due to this late discovery, GRIFFIN required surgery including a very large composite resection and free fibula reconstruction along with extensive chemotherapy, etc. Due to the late diagnosis, GRIFFIN succumbed to the cancer on July 16, 2019.

h. Based upon a review of GRIFFIN's records, and based upon all applicable standards of care, to a reasonable degree of medical probability the dentist(s) and other physicians at the CLINIC breached the standard of care by:

   i. Failing to provide adequate and proper informed consent;
   ii. Failing to disclose lack of training, experience, credentials, and/or qualifications to perform the subject procedures;
   iii. Failing to monitor and assess GRIFFIN during each visit;
   iv. Failing to discuss possible complications of procedures to be performed;

    v. Failing to appropriately recognize, diagnose and treat GRIFFIN's dental conditions, including oral cancer;

    vi. Failing to properly and/or timely perform necessary evaluations, tests, and/or procedures;

    vii. Failing to prevent and, in fact, causing extensive damage to GRIFFIN;

    viii. Failing to prevent and, in fact, causing unnecessary and extreme tissue and nerve damage in the mouth area of GRIFFIN;

    ix. Failing to prevent and, in fact, causing numerous other injuries and extreme scarring and disfigurement to GRIFFIN;

    x. Performing unnecessary and dangerous procedures causing permanent and irreversible damage to GRIFFIN;

    xi. Failing to refer GRIFFIN to a competent specialist in a timely manner;

    xii. Failing to properly address GRIFFIN's post pain, condition and complications due to the improper and deficient performance of procedures and failure to perform necessary evaluations and treatment;

    xiii. Failing to provide appropriate follow up and, in fact, abandoning GRIFFIN; and

    xiv. Failing to properly and completely document the treatment of GRIFFIN.

13. Within a reasonable degree of medical probability, the DEFENDANT breached the standards of care required as applicable to dentists, physicians, providers, and surgical centers licensed to practice in the State of Florida and all other states, in their treatment of GRIFFIN, and that as a direct result of those breaches, GRIFFIN suffered permanent physical injury and/or death.

14. Additionally, had the DEFENDANT properly counseled, informed, monitored, treated, evaluated and managed GRIFFIN before, during and after the subject dental treatment, GRIFFIN would not have suffered the permanent injuries, pain and suffering, disfigurement, medical expenses, wage loss, loss of earning capacity, and death.

15. As a direct and proximate result of the negligence of the DEFENDANT, its agents, servants and/or employees, GRIFFIN was caused to suffer non-economic damages, including pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and, ultimately, wrongful death.

4

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## COUNT TWO
## FERNANDO L. COSTAS NIEVES, DDS
## AS AGENT, SERVANT OR EMPLOYEE OF DEFENDANT

16. The PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs one (1) through fifteen (15) above as if fully set forth herein.

17. That at all times material hereto, FERNANDO L. COSTAS NIEVES, DDS (hereinafter NIEVES) was an agent, servant or employee of the DEFENDANT.

18. That at all times material hereto NIEVES was a Doctor of Dental Surgery (DDS) licensed to practice in the State of Florida.

19. That at all times material hereto, NIEVES had a duty to provide proper and appropriate dental care in accordance with accepted standards of care in Lee County, Florida or in any similar dental community in treating GRIFFIN. Notwithstanding these duties, NIEVES failed to provide competent dental care to GRIFFIN under circumstances which he knew, or by the exercise of reasonable care should have known, at the time dental services were being provided, would likely result in injury and damages to GRIFFIN.

20. That at all times material hereto, any one or more of the following acts or omissions of NIEVES, were below the level of care, skill and treatment, which in light of all relevant surrounding circumstances, were recognized as acceptable or appropriate by reasonable and similar healthcare providers in Lee County, Florida or any other similar dental community:

   a. Failure to properly treat and diagnose the condition of GRIFFIN;
   b. Failure to timely recognize the source of significant oral pain;
   c. Failure to properly diagnose oral cancer;
   d. Failure to timely identify and properly treat oral cancer; and
   e. Other acts of negligence or omissions which may be disclosed as discovery proceeds.

21. That as a result of any one or more of the above-described actions and/or inactions of

NIEVES, GRIFFIN suffered serious bodily injury, resulting in pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, and, ultimately, wrongful death.

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

### COUNT THREE
### STEPHEN P. DRIS, DMD
### AS AGENT, SERVANT OR EMPLOYEE OF DEFENDANT

22. The PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-one (21) above as if fully set forth herein.

23. That at all times material hereto, STEPHEN P. DRIS, DMD (hereinafter DRIS) was an agent, servant or employee of the DEFENDANT.

24. That at all times material hereto DRIS was a Doctor of Medicine in Dentistry (DMD) licensed to practice in the State of Florida.

25. That at all times material hereto, DRIS had a duty to provide proper and appropriate dental care in accordance with accepted standards of care in Lee County, Florida or in any similar dental community in treating GRIFFIN. Notwithstanding these duties, DRIS failed to provide competent dental care to GRIFFIN under circumstances which he knew, or by the exercise of reasonable care should have known, at the time dental services were being provided, would likely result in injury and damages to GRIFFIN.

26. That at all times material hereto, any one or more of the following acts or omissions of DRIS, were below the level of care, skill and treatment, which in light of all relevant surrounding circumstances, were recognized as acceptable or appropriate by reasonable and similar healthcare providers in Lee County, Florida or any other similar dental community:

    a. Failure to properly treat and diagnose the condition of GRIFFIN;
    b. Failure to timely recognize the source of significant oral pain;
    c. Failure to properly diagnose oral cancer;
    d. Failure to timely identify and properly treat oral cancer; and
    e. Other acts of negligence or omissions which may be disclosed as discovery proceeds.

27. That as a result of any one or more of the above-described actions and/or inactions of DRIS, GRIFFIN suffered serious bodily injury, resulting in pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, and, ultimately, wrongful death.

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## COUNT FOUR
## WENDY E. MARTIN, DDS, MPH
## AS AGENT, SERVANT OR EMPLOYEE OF DEFENDANT

28. The PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-seven (27) above as if fully set forth herein.

29. That at all times material hereto, WENDY E. MARTIN, DDS, MPH (hereinafter MARTIN) was an agent, servant or employee of the DEFENDANT.

30. That at all times material hereto MARTIN was a Doctor of Dental Surgery (DDS) with a Master of Public Health (MPH) licensed to practice in the State of Florida.

31. That at all times material hereto, MARTIN had a duty to provide proper and appropriate dental care in accordance with accepted standards of care in Lee County, Florida or in any similar dental community in treating GRIFFIN. Notwithstanding these duties, MARTIN failed to provide competent dental care to GRIFFIN under circumstances which she knew, or by the exercise of reasonable care should have known, at the time dental services were being provided, would likely result in injury and damages to GRIFFIN.

32. That at all times material hereto, any one or more of the following acts or omissions of MARTIN, were below the level of care, skill and treatment, which in light of all relevant surrounding circumstances, were recognized as acceptable or appropriate by reasonable and similar healthcare providers in Lee County, Florida or any other similar dental community:

   a. Failure to properly treat and diagnose the condition of GRIFFIN;
   b. Failure to timely recognize the source of significant oral pain;
   c. Failure to properly diagnose oral cancer;
   d. Failure to timely identify and properly treat oral cancer; and

  e. Other acts of negligence or omissions which may be disclosed as discovery proceeds.

33. That as a result of any one or more of the above-described actions and/or inactions of MARTIN, GRIFFIN suffered serious bodily injury, resulting in pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, and, ultimately, wrongful death.

  **WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## COUNT FIVE
## ACTUAL AGENCY/RESPONDEAT SUPERIOR
## UNITED STATES OF AMERICA

34. The PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

35. The DEFENDANT owned, operated and maintained a full-service acute care hospital, namely, the CLINIC, which was the main medical care provider for the treatment of GRIFFIN.

36. At all times material hereto, the DEFENDANT, through the full-service acute care hospital it owned, operated and maintained (the CLINIC), was responsible for the negligence of its agents, servants and/or employees who worked, operated, were employed, and provided medical care therein.

37. Alternatively, or additionally, the CLINIC was authorized to act on behalf of the DEFENDANT and its actions with respect to the treatment of GRIFFIN were controlled by the DEFENDANT or, alternatively, were subject to the DEFENDANT's right of control.

38. The DEFENDANT is responsible for the negligence of the CLINIC as such negligence occurred while GRIFFIN was receiving services which the CLINIC was authorized to perform, and was performing acts which were reasonably incidental to the duties for the DEFENDANT, or alternatively was performing acts that were reasonable, foreseeable, and reasonably expected from their authorization by the DEFENDANT.

39. The CLINIC was performing an essential function for the DEFENDANT which, through such full-service acute care hospital that it owned, operated and maintained, the CLINIC undertook to provide medical services to patients such as GRIFFIN.

40. The DEFENDANT is therefore vicariously responsible for any one or more of the above-described actions and/or inactions of its agents, servants and/or employees of the CLINIC.

41. As a result of any one or more of the above-described actions and/or inactions of the CLINIC, GRIFFIN suffered serious bodily injury, pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, additional medical opinions, medical and nursing care and treatment, and wrongful death.

**WHEREFORE**, the PLAINTIFF demands judgment against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## COUNT SIX
## APPARENT AGENCY
## UNITED STATES OF AMERICA

42. The PLAINTIFF respectfully incorporates herein by reference each and every allegation contained in paragraphs one (1) through forty-one (41) as if fully set forth herein.

43. Alternatively, or additionally, the CLINIC was an apparent agent or wholly owned and controlled medical provider of the DEFENDANT, and DEFENDANT is responsible for the negligence of the CLINIC even if the DEFENDANT had no actual control or right of control over the CLINIC.

44. The CLINIC was acting within the scope of its apparent authority at the time GRIFFIN came to the CLINIC, a full-service acute care hospital owned, operated and maintained by the DEFENDANT, for treatment.

45. The DEFENDANT, by its words or conduct, caused or allowed GRIFFIN to believe that the CLINIC was an agent of the DEFENDANT, and had authority to act for the DEFENDANT.

46. GRIFFIN justifiably relied on the belief that in dealing with the CLINIC, the DEFENDANT would be responsible for any negligence of the CLINIC that occurred while the CLINIC was acting withing the scope of its apparent authority to provide medical service on behalf of the DEFENDANT.

47. The DEFENDANT is vicariously responsible for any one or more of the above-described actions and/or inactions of the CLINIC.

48. As a result of any one or more of the above-described actions and/or inactions of the

CLINIC, GRIFFIN suffered serious bodily injury, resulting pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, and wrongful death.

      **WHEREFORE**, the PLAINTIFF demands judgement against the DEFENDANT in excess of Twenty Million Dollars ($20,000,000.00) together with costs of maintaining this action and whatever other relief is just.

## AD DAMNUM

      **WHEREFORE**, the PLAINTIFF, by and through her undersigned counsel, sues the DEFENDANT for the following relief:

    a.  The reasonable value or expense of hospitalization and medical care and treatment necessary or reasonably obtained by GRIFFIN in the past.

    b.  The reasonable value of Fifty Thousand Dollars ($50,000.00) in property damage incurred by GRIFFIN.

    c.  The reasonable value of Ten Million Dollars ($10,000,000.00) in personal injury damages sustained by GRIFFIN, including, but not limited to, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, loss of capacity for enjoyment of life, and loss of earning capacity experienced in the past.

    d.  The reasonable value of Ten Million Dollars ($10,000,000.00) in wrongful death damages.

    e.  Taxable costs.

      **WHEREFORE**, the PLAINTIFF demands judgment and an award of damages against the DEFENDANT for all claims for damages in an amount not to exceed Twenty Million Fifty Thousand Dollars ($20,050,000.00), the amount as claimed in her administrative claim, and for allowable costs, interest and such other and further relief as the Court deems just and proper.

DATED this 10 day of December, 2020.

AVARD LAW OFFICES, P.A.

**s/ Douglas D. Mohney**

Douglas D. Mohney (FBN 0997500)
Michael G. Sexton (FBN 0083407)
Carol A. Avard (FBN 0834221)
Attorneys for Plaintiff
P. O. Box 101110
Cape Coral, FL 33910
Tel. 239-945-0808
Fax 239-677-2687
dmohney@avardlaw.com
msexton@avardlaw.com
cavard@avardlaw.com
piwc@avardlaw.com