UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH A. WAINEY, personal
representative of the estate of
Calvin Griffin, Jr., deceased,

      Plaintiff,

v.                               Case No.:  2:20-cv-969-SPC-NPM

UNITED STATES OF AMERICA,

      Defendant.

_____/

### OPINION AND ORDER[1]

    Before the Court is Plaintiff Deborah Wainey's Motion to Exclude the Finding of "No Probable Cause" by the Florida Department of Health.  (Doc. 35).  Defendant the United States of America filed a response (Doc. 41) and Wainey replied (Doc. 50), so the matter is ripe for decision.  Because the Court writes only for the parties (who are familiar with the facts), it includes only those necessary to explain the decision.

    This case is about Calvin Griffin Jr. and the medical care he received from the U.S. Department of Veterans Affairs ("VA") from 2017 through 2019.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Griffin died on July 16, 2019.  Plaintiff Deborah A. Wainey is the personal representative of his estate.  At issue is whether the VA –specifically Griffin's VA dentist Stephen P. Dris, D.D.S. –committed medical malpractice in identifying and treating a specific cancer in Griffin's mouth and whether this caused Griffin's death.

Wainey sues the Government under the Federal Tort Claims Act (FTCA).  28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674; *Smith v. United States*, 7 F.4th 963, 973 (11th Cir. 2021).  State substantive law – including the standard of care for medical professionals – governs an FTCA action.  28 U.S.C. § 1346(b)(1); *Smith*, 7 F.4th at 973.  So, Florida's medical malpractice law controls here.

Under Florida law, Wainey must prove by the preponderance of the evidence (1) the standard of care owed by Defendant, (2) that Defendant breached that standard of care, and (3) the breach proximately caused Griffin's damages.  See Fla. Stat. § 766.102(1) (2013); Fla. Stat. § 766.102(3)(b) (2013); *Prieto v. Total Renal Care, Inc.*, 843 F. App'x 218, 224 (11th Cir. 2021).  The prevailing professional standard of care is "the level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers."  Fla. Stat. § 766.102(1) (2013).  This case is set for bench trial in February 2023.

Wainey seeks to prevent the Government from introducing into evidence at trial a Florida Department of Health ("DOH") letter dated January 14, 2022. Through an administrative complaint process, the DOH considered allegations Dris's treatment of Griffin fell below the standard of care, Dris failed to perform statutory/legal obligations, and Dris violated a statute/rule. (Doc. 41-4). The DOH wrote to Dris, and to Wainey's lawyer separately, to say it found no probable cause of any violation. (Doc. 41-2; Doc. 50-2).

Wainey argues the letter is inadmissible under Fed. R. Evid. 403. The Rule allows the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Specifically, Wainey claims the letter provides no probative value and admitting it will both distract from the Court from its ultimate task and create unfair prejudice.[2]

After considering the parties' papers against the relevant law, the Government may admit the letter at the bench trial if it so seeks. At a bench

---

[2] In Wainey's Reply, she argues for the first time the letter "is based on" multiple layers of hearsay. (Doc. 50). It's unclear if Wainey is attempting to argue the letter, or a statement within the letter, is hearsay. Either way, the argument is waived. *E.g. Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (arguments raised for the first time in a movant's reply are waived). Besides, in Wainey's Motion, she seems to admit the letter falls within Rule 803(8)'s hearsay exception. (Doc. 35 at n.1).

trial, Rule 403's exclusion of evidence for unfair prejudicial impact "has no logical application." *Woods v. United States*, 200 F. App'x 848, 853 (11th Cir. 2006). "Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision." *Id.* (citing *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)). Rule 403 is also an extraordinary remedy and carries a strong presumption in favor of admissibility. *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

But Wainey is correct that the letter contains little information aside from its conclusory statement of no probable cause and does not state the evidence considered, the decision maker, and the decision-making process. The Court may bear this in mind and weigh the letter at trial while still allowing its admission. So the Court denies Plaintiff's motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Exclude the Finding of "No Probable Cause" by the Florida Department of Health is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record